DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction for felony drug possession in the Sandusky County Court of Common Pleas. Because we conclude that there was sufficient information in the affidavit to establish probable cause, we affirm.
Appellant is Kenneth L. Harris. On November 15, 2000, Sandusky County Sheriff's deputies executed a search warrant on appellant's Fremont home. The search yielded crack cocaine, marijuana and sundry drug paraphernalia. Appellant was arrested and later indicted on two counts of drug possession.
Appellant pled not guilty and moved to suppress the evidence found during the search on the ground that the probable cause affidavit supporting the search warrant was insufficient. When the trial court denied appellant's motion to suppress, he entered a no contest plea and was found guilty of a single drug possession count. The remaining charge was nolle prosequi.
Appellant now appeals his conviction, setting forth the following single assignment of error:
 "Did the trial court err by failing to grant defendant's motion to suppress evidence where the affidavit in support of the search warrant failed to set forth facts illustrating the basis for the officer's belief in the reliability of the confidential informant."
The Fourth Amendment of the United States Constitution prohibits unreasonable searches and requires that, before a warrant may issue, there must be probable cause that contraband or evidence of a crime will be found. Illinois v. Gates (1983), 462 U.S. 213, 238. Probable cause is more than a bare suspicion, but less than an absolute certainty that a search will be fruitful. Mason v. Godinez (C.A.7, 1995), 47 F.3d 852,855. In determining whether an affidavit in support of an application for a search warrant provides sufficient information to satisfy the probable cause requirement, the issuing magistrate must determine whether, "* * * given all the circumstances set forth * * * including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability [that evidence will be found]."State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, quoting and following Illinois v. Gates at 238-239. Appellate review of the magistrate's decision is not de novo, but simply an examination of whether there existed a substantial basis for concluding that probable cause existed. Id. at paragraph two of the syllabus.
In material part, the affidavit at issue in this case states:
 "Affiant [Sandusky County Sheriff's Deputy James] Consolo was contacted by Fremont Police Detective O'Connell who advised that he had a confidential/reliable informant who could purchase crack cocaine from [appellant's] residence. Affiant Consolo was advised by Detective O'Connell that he has been working with said CI for the past month. Det. O'Connell advised that information obtained from said CI has resulted in the execution of several search warrants which has resulted in the seizure of illegal drugs and the arrest of several persons in the past month. Therefore, Det. O'Connell states he has much trust in said CI.
 "Within the past 24 hours said CI was supplied monies by Det. Consolo to purchase crack cocaine from the above said residence. Said CI was wired with a one way communications device and was observed walking to said residence.
 "Det. Consolo and O'Connell listened to the transaction take place and then picked said CI up after leaving said residence. CI turned over to Det. Consolo a small amount of suspected crack cocaine, which was purchased from said residence by the CI. The suspected crack cocaine was field tested by Det. Consolo and tested positive for the presence of cocaine."
Deputy Consolo was entitled to rely on the presentment of another police officer as to the reliability of the confidential informant. Hearsay is permissible in warrant affidavits, so Deputy Consolo's report of Detective O'Connell's voucher of the confidential informant's reliability is no different than had Detective O'Connell been the affiant. Moreover, the fact that the two officers heard the drug buy via a transmitting device lends credibility to the report. Consequently, the facts ascribed in the affidavit were sufficient to establish probable cause to believe that illegal drugs were in appellant's home. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.